IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHERI WAGNER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>Defendant. ) | Case No. CIV-22-966-STE |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

I.   **PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration denied Plaintiff's application for benefits. Following two administrative hearings, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 12-33). The Appeals Council denied

Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.   THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 404.1520. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since March 2, 2020, the alleged onset date. (TR. 14). At step two, the ALJ determined Ms. Wagner suffered "severe" spine disorders, but that her depression and anxiety were not "severe." (TR. 15-17). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 19).

At step four, the ALJ concluded that Ms. Wagner retained the residual functional capacity (RFC) to:

> [P]erform a reduced range of light work as defined in 20 CFR 404.1567(b). The claimant is able to lift and carry up to 20 pounds occasionally and up to 10 pounds frequently. She can stand or walk alternatively for a total of four hours out of an eight-hour workday with sitting occurring intermittently throughout the day. The claimant will alternate positioning throughout the day. She can reach, push, and pull with her upper extremities up to six hours per eight-hour day. She can use her hands for grasping, holding, and turning objects up to six hours per eight-hour workday. The claimant alternatively can stoop, kneel, crouch, crawl, and balance up to two hours each activity per eight-hour workday. The claimant cannot climb. She occasionally may use an assistive device for standing, walking, and balance.

(TR. 21).

With this RFC, the ALJ concluded that Ms. Wagner was capable of performing her past relevant work as an Administrative Clerk. (TR. 30). Thus, at step four, the ALJ

concluded that Ms. Wagner was not disabled based on her ability to perform her past relevant work. (TR. 31). Despite the step four finding, however, the ALJ continued to step five and made alternate findings. *See* TR. 31-32. At the administrative hearing, the ALJ presented the RFC limitations to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 75-76). Given the limitations, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 76-77). At step five, the ALJ adopted the VE's testimony and concluded that Ms. Wagner was not disabled based on her ability to perform the identified jobs. (TR. 32).

### III.   ISSUE PRESENTED

On appeal, Ms. Wagner alleges the ALJ erred in: (1) failing to evaluate her subjective allegations regarding mental limitations owing to pain and (2) his rejection of a medical opinion. (ECF No. 16:4-21).

### IV.   STANDARD OF REVIEW

This Court reviews the Commissioner's final decision "to determin[e] whether the Commissioner applied the correct legal standards and whether the agency's factual findings are supported by substantial evidence." *Noreja v. Commissioner, SSA*, 952 F.3d. 1172, 1177 (10th Cir. 2020) (citation omitted). Under the "substantial evidence" standard, a court looks to an existing administrative record and asks whether it contains "sufficien[t] evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support

a conclusion." *Biestek v. Berryhill*, 139 S. Ct. at 1154 (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V. THE ALJ'S EVALUATION OF PLAINTIFF'S SUBJECTIVE ALLEGATIONS

Ms. Wagner alleges that the ALJ erred in his assessment of Plaintiff's subjective allegations in accordance with 20 C.F.R. § 404.1529 and Social Security Ruling (SSR) 16-3p. According to Plaintiff, this error affected the RFC and the findings at steps four and five. The Court agrees.

### A. ALJ's Duty to Evaluate Plaintiff's Subjective Allegations

SSR 16-3p and 20 C.F.R. § 404.1529 provide a two-step framework for the ALJ to evaluate a claimant's subjective allegations. SSR 16-3p, 2016 WL 1119029, at *2 (Mar. 16, 2016) & 20 C.F.R. § 404.1529. First, the ALJ must make a threshold determination regarding whether there is an "underlying medically determinable physical or mental impairment(s) from an acceptable medical source which could reasonably be expected to produce an individual's symptoms, such as pain." SSR 16-3p, 2016 WL 119029, at *2; 20 C.F.R. § 404.1529(a), (b). Second, the ALJ will evaluate the intensity and persistence of the claimant's symptoms to determine the extent to which they limit an individual's ability to perform work-related activities. SSR 16-3p, 2016 WL 119029, at *2; 20 C.F.R. § 404.1520(c). At this second step, the ALJ will examine the objective medical evidence,

the claimant's statements regarding her symptoms, information from medical sources, medical opinions, and "any other relevant evidence" in the record. SSR 16-3p, 2016 WL 119029, at *4; 20 C.F.R. § 404.1529(a), (c), (d). The regulations and SSR 16-3p also direct the ALJ to consider the following seven factors in evaluating the intensity, persistence, and limiting effects of the claimant's symptoms:

- Daily activities;

- The location, duration, frequency, and intensity of pain or other symptoms;

- Factors that precipitate and aggravate the symptoms;

- The type, dosage, effectiveness, and side effects of any medication;

- Treatment, other than medication, an individual receives or has received for relief of pain or other symptoms;

- Any measures other than treatment a claimant has used to relieve pain or other symptoms; and

- Any other factors concerning an individual's functional limitations and restrictions due to pain or other symptoms.

SSR 16-3p, 2016 WL 119029, at *7; 20 C.F.R. § 404.1529(c)(3). Finally, in evaluating a claimant's subjective statements, the ALJ must "provide specific reasons for the weight given to the [claimant's] symptoms, [which are] consistent with and supported by the evidence, and [ ] clearly articulated" for purposes of any subsequent review. *Id.*, at *9.

### B.   Plaintiff's Subjective Allegations and Testimony Regarding Pain

At both administrative hearings, Plaintiff testified extensively regarding her pain. For example, Plaintiff testified her lower back and neck pain caused hand numbness and weakness, as well as difficulty lifting, carrying, walking, sitting, standing, and reaching. (TR. 51-53, 55-56, 67, 73, 74). Ms. Wagner also testified that she suffered from

depression and anxiety that would affect her ability to work—i.e.—that her concentration is "off," she finds it difficult to stay on task, and she has trouble remembering things. (TR. 55). Plaintiff testified that she was taking an antidepressant medication, and that if she did not have the physical impairments she did, she would feel mentally capable of working. (TR. 70-71). Regarding treatment, Plaintiff stated that she saw a pain management physician monthly who prescribed pain medications, she has had lumbar and cervical fusion surgeries, an implanted spinal cord stimulator, nerve blocks, steroid shots, and following the second hearing, she was scheduled for a "nerve ablation," physical therapy, and a revision lumbar surgery to repair three vertebrae that had collapsed. (TR. 48, 49, 51, 68-69).

 Ms. Wagner testified that the pain medications caused her to be "very tired all the time" and that "[i]t's hard for [her] to stay awake." (TR. 71). Plaintiff testified that she began taking Buprenorphine to treat the pain in 2016 or 2017, but that it made her very sleepy, so she was falling asleep at work, and she had difficulty concentrating because of the pain. (TR. 71). At some point, however, Plaintiff stated she could not take the pain medication during the day, because it caused extreme sleepiness, and so her focus became the pain rather than her job. (TR. 72-73). Approximately two years before she was let go from her job, she began missing approximately five days of work per month due to the pain. (TR. 72). She was not able function at her job because she was not able to take her muscle relaxers during the day, which caused her to concentrate more on the pain than on her job. (TR. 73).

## C. The ALJ's Evaluation of Plaintiff's Subjective Allegations

In formulating the RFC, the ALJ stated that he had considered Plaintiff's symptoms and the consistency of her subjective allegations with other evidence of record. (TR. 22). The ALJ then: (1) set forth the two-step framework under SSR 16-3p, (2) summarized Plaintiff's hearing testimony and medical evidence and stated:

> [T]he claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision.

(TR. 28). Next, the ALJ provided a thorough recitation of the medical records and opinion evidence, and stated:

> The claimant testified that she had difficulty with grip and using her hand. However, the medial [sic] record consistently indicates that the claimant had 5/5 grip strength on June 9, 2021 and on December 13, 2021, Dr. Hanna stated that the claimant had full range of motion of her bilateral wrists without tenderness or swelling (Exhibit 23F, p. 8). The claimant alleges that her impairments would preclude her from sustaining regular, continuous work even at the range of light exertion. However, the nature, scope, and findings from objective medical records do not support the intensity or persistence of her subjective allegations. When considered as a whole, the medical record supports a finding that the claimant is limited by her impairments, but those limitations adequately can be accommodated. Based on the foregoing, the undersigned finds the claimant has the above residual functional capacity assessment, which is supported by the medical evidence of record.

(TR. 30).

In the two-step process required for an ALJ to evaluate a claimant's subjective allegations, the ALJ here failed at step two. At step one, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause her pain. *See supra*. At the second step, however, the Court finds the ALJ's analysis to be insufficient.

7

As discussed, the ALJ failed to include any mental limitations in the RFC. *See* TR. 21. This finding was the prerogative of the ALJ, but as argued by Plaintiff, the regulations and Tenth Circuit case law require that an ALJ's RFC be based on the entire case record, including the credibility of the claimant's subjective complaints. *See* 20 C.F.R. § 404.1529; *Poppa v. Astrue*, 569 F.3d 1167, 1170–71 (10th Cir. 2009) ("Since the purpose of the credibility evaluation is to help the ALJ assess a claimant's RFC, the ALJ's credibility and RFC determinations are inherently intertwined.").

Arguably, the ALJ discounted Plaintiff's testimony regarding her diminished ability to use her hand. *See supra*. But Ms. Wagner testified extensively regarding how her pain affected her mentally, resulting in depression and anxiety, an inability to concentrate, and an inability to stay awake during the day. *See supra*. Even so, the ALJ failed to: (1) evaluate the intensity and persistence of these symptoms; (2) determine the extent to which these symptoms affected Ms. Wagner's ability to perform work-related activities; (3) consider the seven factors set forth in the regulations and SSR 16-3p in evaluating the intensity, persistence, and limiting effects of these symptoms; and (4) provide specific reasons, clearly articulated, for the weight given to Plaintiff's allegations.

Although the ALJ stated that Ms. Wagner's statements concerning the intensity, persistence and limiting effects of her symptoms were "not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision," the ALJ never explained why, specifically, an inconsistency existed. "Because the ALJ did not . . . sufficiently articulate his reasoning, [the Court] cannot conduct a meaningful review of the pain assessment." *Brownrigg v. Berryhill*, 688 F. App'x 542, 546

(10th Cir. 2017). The ALJ's recitation of the proper standard and his summary of Plaintiff's testimony and allegations is insufficient to fulfill his duties under SSR 16-3p. Although the ALJ summarized Plaintiff's testimony and allegations, and stated that her allegations were "not entirely consistent," he did not thereafter: (1) explain how Plaintiff's allegations were inconsistent or (2) "closely and affirmatively" link any of the factors to his determination. *See* TR. 28-41; *Wilson v. Astrue*, 602 F.3d 1136, 1144 (10th Cir. 2010) (explaining that ALJ is required to closely and affirmatively link credibility findings to substantial evidence in the record and to "articulate specific reasons" for such findings). Instead, the ALJ simply recited evidence from the record and did not provide any insight into how that evidence had impacted his determination of Ms. Wagner's allegations, outside of discounting her allegations relating to her hand. As a result, the Court finds reversible error and orders the case remanded for a proper evaluation of Plaintiff's subjective allegations in accordance with SSR 16-3p and 20 C.F.R. § 404.1529. *See Murray v. Berryhill*, No. CIV-15-364-CG, 2017 WL 4010868, at *4-6 (W.D. Okla. Sept. 12, 2017) (reversing and remanding for further proceedings where ALJ summarized some medical records but "included no meaningful discussion of how the evidence served as a basis for the conclusion"); *Pruitt v. Colvin*, No. CV-15-207-HE, 2016 WL 11469336, at *3 (W.D. Okla. Jan. 20, 2016), report and recommendation *adopted*, No. CIV-15-0207-HE, 2016 WL 1266960 (W.D. Okla. Mar. 31, 2016) (reversing and remanding where ALJ did not deliver the "promised explanation or requisite analysis" in assessing claimant's credibility).

## VI. THE ALJ'S EVALUATION OF AN OPINION FROM DR. META

On February 22, 2021, Dr. Gatian Meta, Plaintiff's pain management physician, noted that Ms. Wagner's pain "was no longer controlled with the pain medications." (TR. 540). As a result, Dr. Meta recommended that Ms. Wagner "d[id] not lift, push, or pull more than 10 pounds." (TR. 540). Dr. Meta also noted, however, that "we may change these instructions in the future depending on the improvement or deterioration of the condition." (TR. 540). The ALJ recognized Dr. Meta's opinion, but ultimately found it "unpersuasive, as superseded by subsequent treatment records showing medical improvement." (TR. 30). In support, the ALJ: (1) cited a January 14, 2022 record from a second pain management physician, Dr. Sameh Hanna, wherein Plaintiff had reported that her Buprenorphine and Gabapentin were "working to great extent controlling her chronic neck and back pain and improving quality of life" and (2) noted that Dr. Hanna had not placed restrictions on Plaintiff's ability to lift, push, or pull. (TR. 30, citing TR. 724).

Ms. Wagner argues that the ALJ erred in rejecting Dr. Meta's opinion because on January 14, 2022, Dr. Hanna had also reported that Plaintiff suffered from continued back pain, muscle spasms, diminished motor strength, decreased hamstring strength on the right, limited range of motion of the neck, and a positive straight leg test. (ECF No. 16:14-15). According to Plaintiff, because "similar symptoms" were present at both appointments, the ALJ's rejection of Dr. Meta's opinion constituted a "substitution of his raw interpretation of the raw medical data for that of a medical professional, which is impermissible." (ECF No. 16:15). The Court disagrees. The ALJ was entitled to reject Dr.

Meta's opinion based on a finding that Ms. Wagner had reported experiencing improvement, especially in light of the fact that the opinion seemed to have been premised on Plaintiff's uncontrolled pain. *See Hackett v. Barnhart*, 395 F.3d 1168, 1174 (10th Cir. 2005) (noting that the ALJ was "free to reject Dr. Meyers's opinion" based on findings from other physicians who had noted improvement in the claimant's condition.).

## ORDER

The Court has reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on the forgoing analysis, the Court **REVERSES AND REMANDS** the Commissioner's decision.

ENTERED on October 10, 2023.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE